# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

FRANK J. MAINO,
        Appellant,

DOCKET NUMBER
NY-0752-14-0302-I-1

v.

DEPARTMENT OF THE TREASURY,
        Agency.

DATE: July 7, 2015

## THIS ORDER IS NONPRECEDENTIAL[*]

<u>Stephanie E. Hosea</u>, Esquire, Washington, D.C., for the appellant.

<u>Alison K. Sablick</u>, Esquire, and <u>Heather A. Southwell</u>, Esquire, New York, New York, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed this appeal as moot.  For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the field office for further adjudication in accordance with this Order.

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant filed this appeal challenging a 30-day suspension from his Tax Examining Technician position with the agency's Internal Revenue Service. Initial Appeal File (IAF), Tabs 1, 22.  After the administrative judge concluded the hearing, the agency moved to stay issuance of the initial decision because it claimed that it had rescinded the suspension and needed some time to complete the processing of back pay and benefits associated with the appellant's reinstatement, which it contended would then render the appeal moot.  IAF, Tab 27.  The appellant responded in opposition to the agency's motion, arguing that his claim of reprisal for protected equal employment opportunity (EEO) activity, for which he sought compensatory damages, prevented the appeal from being rendered moot.  IAF, Tab 30.  After holding a telephonic status conference, the administrative judge granted the agency's motion and suspended the case to give the agency time to demonstrate that it had returned the appellant to the status quo ante.   IAF, Tabs 33-34; *see* 5 C.F.R. § 1201.28.   After back and forth pleadings regarding the agency's progress, the administrative judge found that the agency demonstrated that it had completely rescinded the suspension and had returned the appellant to the status quo ante.  IAF, Tab 43, Initial Decision (ID) at 3-4.  The administrative judge then went on to find that the appellant failed to establish his affirmative defense of retaliation for protected EEO activity, and dismissed the appeal as moot.  ID at 4-9.

¶3    In his timely-filed petition for review, the appellant argues that the administrative judge erred in granting the agency's motion and suspending the appeal in order for the agency to provide proof that it had rescinded the suspension.  Petition for Review (PFR) File, Tab 1 at 10.  He further argues that the administrative judge erred in dismissing the appeal as moot and instead should have adjudicated the appeal on the merits because of his retaliation claim and the agency's continuing failure to restore him to the status quo ante.  ID at 10-12, 15-16.  The appellant also complains that the administrative judge failed

to enforce her own orders, allowing the agency additional time past the deadline that she set for the agency to demonstrate that it had fully rescinded the suspension, and that the administrative judge also improperly required him to prove his retaliation claim in order to avoid mootness. ID at 12-15. Lastly, the appellant asserts that the administrative judge erred in rejecting his retaliation claim. ID at 16-21. In that regard, the appellant contends that his first-line supervisor was aware of his prior EEO activity, and that the deciding official not only had specific knowledge of it, but, contrary to the administrative judge's findings, failed to state a legitimate nondiscriminatory reason for issuing the 30-day suspension against him. *Id.* The agency responds in opposition to the appellant's petition for review and he replies to the agency's response. PFR File, Tabs 3-4.

¶4      In the initial decision, the administrative judge found that the agency had completely rescinded the appellant's suspension based on the agency's January 30, 2015 pleading in which it asserted that it had paid the appellant back pay with interest, removed documentation of the suspension from his Official Personnel File (OPF), restored his leave balances, and made appropriate contributions to his Thrift Savings Plan account. ID at 4; *see* IAF, Tab 42. In support of its claim that it had rescinded the appellant's suspension, the agency provided an unsworn letter from the chief of its Austin Payroll Center and a series of computer "[s]creenshots detailing the contributions" and leave balances at issue. IAF, Tab 42 at 5-19. Although the screenshots may evidence the agency's payment of back pay and interest, and the restoration of his leave balances, the description of the evidence is terse and does not appear complete. *Id.* at 7-19. Moreover, the statements of a party's representative in a pleading do not constitute evidence. *E.g.*, *Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995).

¶5      Additionally, the agency's unsworn assertion that any references to the appellant's suspension have been removed from his OPF is insufficient to

demonstrate that the agency has actually done so.  *See id.*; *see also Hassman v. Department of the Army*, 61 M.S.P.R. 356, 359 (1994) (unsworn hearsay statement constituted mere allegations rather than competent evidence); *Gonzales v. U.S. Postal Service,* 44 M.S.P.R. 517, 519 (1990) (when an agency rescinds an adverse action, it must remove all references to such action from the appellant's personnel file).  Thus, on the record before us, we are unable to determine whether the action was completely rescinded and the appellant was returned to the status quo ante.  Moreover, in contrast to the agency's unsworn statements, the appellant supplied a sworn affidavit in which he asserted that the agency had not yet fully restored him to the status quo ante.  IAF, Tab 41 at 7; *see Social Security Administration v. Whittlesey*, 59 M.S.P.R. 684, 692 (1993) (a sworn statement has greater weight than one that is not sworn), *aff'd*, 39 F.3d 1197 (Fed. Cir. 1994) (Table).  Upon remand, the administrative judge should determine if the appellant has been returned to the status quo ante such that the appeal is truly moot, and if not, she should adjudicate the appeal on the merits.  *See, e.g.*, *Deas v. Department of Transportation*, 108 M.S.P.R. 637, ¶ 11 (2008).

¶6        As for the appellant's EEO reprisal claim, the administrative judge thoroughly analyzed this issue and found that the appellant failed to establish a nexus between his alleged retaliation and his suspension such that he failed to prove by preponderant evidence that the agency retaliated against him based on his prior EEO activity.  ID at 4-8.  In doing so, the administrative judge cited the hearing testimony of the proposing and deciding officials, as well at the testimony of the appellant's supervisor, finding that those individuals testified credibly based upon their observed demeanor and gave straightforward, unwavering testimony.  ID at 6-7.  The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so.  *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir.

2002).  The appellant fails to provide such sufficiently sound reasons on review. The administrative judge may therefore adopt her findings on this issue upon remand.

## **ORDER**

For the reasons discussed above, we REMAND this case to the field office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                   _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.